CTT/dn                              #39907                              11850

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| PATRICK CUMMINS         ) | Case No. **FILED: APRIL 17, 2008** |
| Plaintiff,              ) | **08CV 2226   NF** |
|                         ) | Judge **JUDGE KENNELLY** |
| v.                      ) | **MAGISTRATE JUDGE BROWN** |
|                         ) | |
| THE HOME DEPOT USA, INC., ) | **JURY DEMAND** |
| Defendant.              ) | |

**NOTICE OF REMOVAL**

Defendant, THE HOME DEPOT USA, INC., ("HOME DEPOT") by and through its attorneys, McVEY & PARSKY, LLC, pursuant to 28 U.S.C.§§1441 and 1446, files this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, from the Circuit Court of Cook County, Illinois, where the action is currently pending and states as follows:

1.    On December 3, 2007, Plaintiff PATRICK CUMMINS, ("CUMMINS") filed his Complaint at Law in the Circuit Court of Cook County, Law Division. A copy of that pleading is attached hereto as **Exhibit A.**

2.    On or about March 25, 2008, CUMMINS served HOME DEPOT with process. A copy of the Service of Process is attached hereto as **Exhibit B.**

3.    The Complaint asserts two counts against HOME DEPOT. Count I, product liability, alleges that on or about January 10, 2006, CUMMINS purchased a "Husky" hammer from the Home Depot Brickyard Mall located in Chicago, Illinois.

1

CUMMINS further alleges that on April 6, 2006, while he was working at a construction site using the hammer, a small piece of the hammer's head became lodged in his eye. CUMMINS alleges that he was using the hammer in the manner for which it was intended and in a manner and for a purpose which were reasonably foreseeable.

4. Count II, negligence, alleges that HOME DEPOT sold the hammer, placed it in the stream of commerce, and knew, or in the exercise of ordinary care, should have known that the hammer was likely and liable to cause injury. CUMMINS further alleges that HOME DEPOT was negligent in failing to provide appropriate warnings regarding the hammer's propensity to break down or fall apart while in use, failed to safely design and manufacture the surface or contact area of the hammer for the intended use of pounding wood areas, and failed to provide safety or protective coating of the surface area of the hammer so as not to break down during use.

5. As a result of this incident, CUMMINS allegedly sustained severe and permanent injuries, both externally and internally, suffered great pain and anguish, was and will be hindered from performing his usual duties, has and will continue to lose the value of that time, and has expended and will become liable for large sums of money for medical care and services. CUMMINS therefore seeks a judgment in excess of $50,000 plus costs.

6. Upon information and belief, CUMMINS' medical expenses, to date, exceed $100,000. Thus, HOME DEPOT believes, upon a reasonable degree of certainty, that CUMMINS will seek a recovery greater than $75,000, exclusive of attorney fees, costs, and interest.

7. HOME DEPOT is a Delaware corporation and has its principle place of business in Atlanta, Georgia.

8. Upon information and belief, CUMMINS resides at 2472 West Foster Avenue, Chicago, Illinois 60625-6963.

9. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because all parties hereto are diverse and the amount in controversy exceeds $75,000.

10. In accordance with 28 U.S.C. §1446(d), HOME DEPOT is giving written notice of removal to CUMMINS and to the Circuit Court of Cook County.

WHEREFORE Defendant THE HOME DEPOT USA, INC. respectfully requests that this action proceed in this Court as an action properly removed to it.

THE HOME DEPOT USA, INC.,

BY: /s/ Mark E. Parsky
One of Its Attorneys

Mark E. Parsky
Edward F. McGinnis
Colleen T. Tierney
McVey & Parsky, LLC.
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312-551-2130
Fax: 312-551-2131
Email: mep@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

    Beth Miller
    Pontikes & Associates
    Suite 1221
    111 W. Washington St.
    Chicago, IL 60602


                McVEY & PARSKY, LLC
                Attorney for Defendant
                30 North LaSalle Street
                Suite 2100
                Chicago, IL 60602
                Tel: (312) 551-2130
                Fax: (312) 551-2131

                By: /s/ Mark E. Parsky
                      Mark E. Parsky
                      Illinois Bar #6184456

JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

116-50562         BAM:ag

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PATRICK CUMMINS,            )
                            )
        Plaintiff,          )
                            )
vs.                         )   No.:   2007L013507
                            )          CALENDAR/ROOM C
THE HOME DEPOT, USA, INC.,  )          TIME 00:00
                            )          Product Liability
        Defendant.          )

FILED 2007 DEC -3 PM 4:06
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PATRICK CUMMINS, by and through his attorneys, PONTIKES & ASSOCIATES, and complaining of the Defendant, states as follows:

### COUNT I – Product Liability – Home Depot

1.   At all times relevant herein, Plaintiff, PATRICK CUMMINS, (hereinafter referred to as "CUMMINS"), was and is a resident of the City of Chicago, County of Cook, State of Illinois.

2.   On or about January 10, 2006, CUMMINS purchased a Husky hammer from Defendant, The HOME DEPOT, USA, INC., at the Brickyard Mall in Chicago, IL. The aforesaid hammer is labeled "Hickory" with U.S. Pat. Nos. D474667 and D475598.

3.   At all times relevant herein, Defendant, THE HOME DEPOT, USA, INC., (hereinafter referred to as "HD"), was and is a foreign corporation doing business in Illinois as an exclusive distributor, seller and supplier of Husky designed products, including the aforesaid hammer as described in paragraph 2 above.


EXHIBIT A

4. On April 6, 2006, while Plaintiff was working at a construction site, located at 4715 S. Champlain, a small piece of the aforesaid hammer's head that CUMMINS was using to pound out a wooden door frame from a doorway became lodged in his eye.

5. At all times relevant herein, CUMMINS was using the aforesaid hammer in the manner for which it was intended and in a manner and for a purpose which were reasonably foreseeable.

6. At the time the aforesaid hammer left the control of the Defendant, HD, it was in a condition that was not reasonably safe for its intended and foreseeable uses in one or more of the following respects:

    a) It lacked appropriate and warnings regarding the hammer's propensity to break-down or fall apart while in use;
    (b) The surface area of the hammer specifically designed for pounding, failed to work properly in that it broke apart while in use causing a sliver from its surface area to become lodged in the Plaintiff's eye;
    (c) It lacked the appropriate safety features to the surface area so that use of the hammer on wood would not cause a part of the hammer to become dislodged.

7. As a direct and proximate result of one or more of the aforesaid conditions of the hammer, the Plaintiff, CUMMINS, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and has become liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

2

WHEREFORE, Plaintiff, PATRICK CUMMINS, demands judgment against the Defendant, THE HOME DEPOT, USA, INC., in a sum in excess of $50,000.00 plus costs of this suit.

### COUNT II – Negligence - Home Depot

1-5. Plaintiff re-alleges and incorporates by reference paragraphs 1-5 of Count I as paragraphs 1-5 of this Count II.

6. At all times relevant herein, Defendant, HD, sold said product, placed it in the stream of commerce, and knew or, in the exercise of ordinary care, should have known that said product was likely and liable to cause injury.

7. At the aforesaid time and place Defendant, HD, by and through their agents and servants, were negligent in one or more of the following respects:

   (a) Failed to provide appropriate warnings regarding the hammer's propensity to break down or fall apart while in use;

   (b) Failed to safely design and manufacture the surface or contact area of the hammer for the intended use of pounding wood areas; and

   (c) Failed to provide a safety or protective coating on the surface area of the hammer so as not to break down during use.

8. As a direct and proximate result of one or more of the aforesaid conditions of the hammer, the Plaintiff, CUMMINS, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and has become liable for and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, PATRICK CUMMINS, demand judgments against the Defendant, THE HOME DEPOT, USA, INC., in a sum in excess of $50,000.00 plus costs of this suit.

RESPECTFULLY SUBMITTED,

PONTIKES & ASSOCIATES

By: _____
Beth A. Miller

PONTIKES & ASSOCIATES
111 W. Washington St., Ste. 1221
Chicago, IL 60602
(312) 464-1440
Firm ID: 12718

4

2008033786885



# CSC.
## CORPORATION SERVICE COMPANY®

# Notice of Service of Process

TVW / ALL
Transmittal Number: 5678120
Date Processed: 03/25/2008

| | |
|---|---|
| Primary Contact: | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| Copy of transmittal only provided to: | Quinessa Malcolm |
| Entity: | Home Depot U.S.A., Inc.<br>Entity ID Number 2483807 |
| Entity Served: | The Home Depot USA, Inc. |
| Title of Action: | Patrick Cummins vs. The Home Depot, USA, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 07 L 13507 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 03/25/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Beth A. Miller<br>312-464-1440 |

08CV2226 NF
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT
B

116-50562                           BAM:ag                              12718

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PATRICK CUMMINS,                )
                                )
             Plaintiff,         )   No.:   07 L 13507
                                )
vs.                             )   **Please Serve Registered Agent for:**
                                )   The Home Depot, USA, Inc.,
THE HOME DEPOT, USA, INC.,      )   Illinois Corporation Service
                                )   801 Adlai Stevenson Drive
             Defendant.         )   Springfield, IL 62703

### ALIAS SUMMONS

To each Defendant:    Registered Agent for The Home Depot, USA, Inc.

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

Richard J. Daley Center, 50 W. Washington St., Room 602, Chicago, Illinois 60602

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.:      12718                          WITNESS,_____
Name:           PONTIKES & ASSOCIATES
Atty. for:      Plaintiff                      _____
Address:        111 W. Washington, Ste. 1221   DOROTHY BROWN, Circuit Court Clerk
City/State/Zip: Chicago, Illinois 60602
Telephone:      312-464-1440

                                               DATE OF SERVICE: _____
                                               (To be inserted on copy left with Defendant
                                                      or other Person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY