CTT                              #39907                              11850

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK CUMMINS | ) | |
| | ) | Case No. **FILED: APRIL 17, 2008** |
| Plaintiff, | ) | **08CV 2226  NF** |
| | ) | Judge **JUDGE KENNELLY** |
| v. | ) | **MAGISTRATE JUDGE BROWN** |
| | ) | |
| THE HOME DEPOT USA, INC., | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant THE HOME DEPOT USA, INC. ("HOME DEPOT") by its attorneys, McVEY AND PARSKY, LLC, for its Answer and Affirmative Defenses to Plaintiff PATRICK CUMMINS' ("CUMMINS") Complaint at Law, states as follows:

### Count I – Product Liability – Home Depot

1. At all times herein, Plaintiff, PATRICK CUMMINS, (hereinafter referred to as "CUMMINS"), was and is a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER**: The allegations of Paragraph 1 are admitted.

2. On or about January 10, 2006, CUMMINS purchased a Husky hammer from Defendant, The HOME DEPOT, USA, INC., at the Brickyard Mall in Chicago, IL. The aforesaid hammer is labeled "Hickory" with U.S. Pat Nos. D474667 and D475598.

1

**ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

3. At all times relevant herein, Defendant, THE HOME DEPOT USA, INC., (hereinafter referred to as "HD"), was and is a foreign corporation doing business in Illinois as an exclusive distributor, seller and supplier of Husky designer products, including the aforesaid hammer as described in paragraph 2 above.

**ANSWER**: HOME DEPOT admits that it is a foreign corporation and has done business in Illinois. HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3.

4. On April 6, 2006, while Plaintiff was working at a construction site, located at 4715 S. Champlain, a small piece of the aforesaid hammer's head that CUMMINS was using to pound a wooden door frame from a doorway became lodged in his eye.

**ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5. At all times relevant herein, CUMMINS was using the aforesaid hammer in the manner for which it was intended and in a manner and for a purpose which was reasonably foreseeable.

**ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.

6. At the time of the aforesaid hammer left the control of the Defendant, HD, it was in a condition that was not reasonably safe for its intended and foreseeable uses in one or more of the following respects:

    a. It lacked appropriate and warnings regarding the hammer's propensity to break-down or all apart while in use;

    b.    The surface area of the hammer specifically designed for pounding, failed to work properly in that it broke apart while in use causing a silver from its surface area to become lodged in the Plaintiff's eye;

    c.    It lacked the appropriate safety features to the surface area so that use of the hammer on wood would not cause a part of the hammer to become dislodged.

**ANSWER**:    The allegations of Paragraph 6, including its subparts, are denied.

7.    As a direct and proximate result of one or more of the aforesaid conditions of the conditions of the hammer, the Plaintiff, CUMMINS, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs and has lost and will in the future lose the value of that time as aforementioned. Plaintiff further expended and has become liable for, and will expend and become liable for large sums of money for medical care and services to become healed and cured of said injuries.

**ANSWER**:    The allegations of Paragraph 7 are denied.

WHEREFORE, Defendant THE HOME DEPOT USA, INC. denies that PATRICK CUMMINS is entitled to the relief requested in Count I. HOME DEPOT therefore prays that the Court enter a judgment in its favor dismissing Count I with prejudice and with costs.

### COUNT II – Negligence – Home Depot

1-5.    Plaintiff re-alleges and incorporates by reference paragraphs 1-5 of Count I as paragraphs 1-5 of this Count II.

**ANSWER**:    HOME DEPOT reasserts its answers to Paragraphs 1-5 of Count I as its answers to Paragraphs 1-5 of this count as if the same were fully set forth herein.

6. At all times relevant herein, Defendant, HD, sold said product, placed it in the stream of commerce, and knew or, in the exercise of ordinary care, should have known that said product was likely and liable to cause injury.

**ANSWER**: The allegations of Paragraph 6 are denied.

7. At the aforesaid time and place Defendant, HD, by and through its agents and servants, were negligent in one or more of the following respects:

    a. Failed to provide appropriate warnings regarding the hammer's propensity to break down or fall apart while in use;

    b. Failed to safely design and manufacture the surface of contact area of the hammer for the intended use of pounding wood areas; and

    c. Failed to provide a safety or protective coasting on the surface area of the hammer so as not to break down during use.

**ANSWER**: The allegations of Paragraph 7, including its subparts, are denied.

8. As a direct and proximate cause of one or more of the aforesaid conditions of the hammer, the Plaintiff, CUMMINS, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and has become liable for and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER**: The allegations of Paragraph 8 are denied.

WHEREFORE, Defendant THE HOME DEPOT USA, INC. denies that PATRICK CUMMINS is entitled to the relief requested in Count II. HOME DEPOT

therefore prays that the Court enter a judgment in its favor dismissing Count II with prejudice and with costs.

## AFFIRMATIVE DEFENSES

Defendant THE HOME DEPOT USA, INC. for its Affirmative Defenses to Plaintiff PATRICK CUMMINS' Complaint at Law states as follows:

### First Affirmative Defense

1. Plaintiff PATRICK CUMMINS' alleged injuries or damages were proximately caused by his own negligence for which said injuries or damages would not have occurred.

### Second Affirmative Defense

2. Plaintiff PATRICK CUMMINS' alleged injuries or damages are barred because he, impliedly or expressly, assumed the risk of the activity in which he was engaged when he was injured.

### Third Affirmative Defense

3. Should the trier of fact determine the fault of HOME DEPOT, which fault is expressly denied in any percentage, with less than 25% of the total fault attributable to the Plaintiff, any Defendants sued by the Plaintiff, and any third-party defendant as provided for in 735 ILCS 5/2-1117, this Defendant's liability shall only be several for all non-medical and non-medically related damages.

### Fourth Affirmative Defense

4. Plaintiff PATRICK CUMMINS' alleged injuries and damages were caused in whole or in part by the acts or omission of the one or more third parties not under the control of HOME DEPOT.

WHEREFORE Defendant THE HOME DEPOT USA, INC. denies that Plaintiff PATRICK CUMMINS is entitled to the relief requested in his Complaint at Law. HOME DEPOT therefore prays that the Court enter a judgment in its favor dismissing the Complaint with prejudice and with costs.

THE HOME DEPOT USA, INC.

By:   /s/ Mark E. Parsky
      One of Its Attorneys

Mark E. Parsky
Edward F. McGinnis
Colleen T. Tierney
McVEY & PARSKY, LLC.
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone:  312-551-2130
Fax:  312-551-2131
Email:  mep@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

    Beth Miller
    Pontikes & Associates
    Suite 1221
    111 W. Washington St.
    Chicago, IL 60602

    McVEY & PARSKY, LLC
    Attorney for Defendant
    30 North LaSalle Street
    Suite 2100
    Chicago, IL 60602
    Tel: (312) 551-2130
    Fax: (312) 551-2131

    By: /s/ Mark E. Parsky
        Mark E. Parsky
        Illinois Bar #6184456