MEP/CTT                    #39907                    11850

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| PATRICK CUMMINS | ) |
|     Plaintiff, | ) No. 1:08-cv-2226 |
| | ) Judge Matthew F. Kennelly |
| v. | ) |
| THE HOME DEPOT USA, INC., | ) **JURY DEMAND** |
| And LUCKY BRAND INDUSTRIAL | ) |
| COMPANY, LTD. | ) |
|     Defendants. | ) |

### AMENDED ANSWER AND AMENDED
### AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendant THE HOME DEPOT USA, INC. ("HOME DEPOT") by its attorneys, McVEY AND PARSKY, LLC, for its Amended Answer and Amended Affirmative Defenses to Plaintiff PATRICK CUMMINS' ("CUMMINS") Amended Complaint at Law, states as follows:

### COUNT I – Product Liability – HOME DEPOT

1. At all times herein, Plaintiff, PATRICK CUMMINS, (hereinafter referred to as "CUMMINS"), was and is a resident of the City of Chicago, County of Cook, State of Illinois.

    **ANSWER**: The allegations of Paragraph 1 are admitted.

2. On or about January 10, 2006, CUMMINS purchased a Husky hammer from Defendant, The HOME DEPOT, USA, INC., at the Brickyard Mall in Chicago, IL. The aforesaid hammer is labeled "Hickory" with U.S. Pat Nos. D474667 and D475598.

    **ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

3. At all times relevant herein, Defendant, THE HOME DEPOT USA, INC., (hereinafter referred to as "HD"), was and is a foreign corporation doing business in Illinois as an exclusive distributor, seller and supplier of Husky designer products, including the aforesaid hammer as described in paragraph 2 above.

> **ANSWER**: HOME DEPOT admits that it is a foreign corporation and has done business in Illinois. HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3.

4. That prior to January 10, 2006, Defendant, Lucky Brand Industrial, Co., Ltd. (hereinafter "LBIC") manufactured the Husky Hammer labeled Hickory, U.S. Pat. Nos. D474664 and D475598 that CUMMINS purchased.

> **ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5. On April 6, 2006, while Plaintiff was working at a construction site, located at 4715 S. Champlain, a small piece of the aforesaid hammer's head that CUMMINS was using to pound a wooden door frame from a doorway became lodged in his eye.

> **ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5.

6. At all times relevant herein, CUMMINS was using the aforesaid hammer in the manner for which it was intended and in a manner and for a purpose which was reasonably foreseeable.

> **ANSWER**: HOME DEPOT is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6.

7. At the time of the aforesaid hammer left the control of the Defendant, HD, and continuing to the time of the occurrence complained of, it was in a condition that was not reasonably safe for its intended and foreseeable uses in one or more of the following respects:

    a.    It lacked appropriate and warnings regarding the hammer's propensity to break-down or all apart while in use;

    b.    The surface area of the hammer specifically designed for pounding, failed to work properly, was inadequate in strength and design to withstand the stresses that would reasonably be placed on it during operation in that it broke apart while in use causing a silver from its surface area to become lodged in the Plaintiff's eye;

    c.    It lacked the appropriate safety features to the surface area so that use of the hammer on wood would not cause a part of the hammer to become dislodged;

    d.    It was sold as defective, unsafe and not in a condition that was reasonably safe for its intended use.

**ANSWER**: The allegations of Paragraph 7, including its subparts, are denied.

8. As a direct and proximate result of one or more of the aforesaid conditions of the conditions of the hammer, the Plaintiff, CUMMINS, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and has become liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER**: The allegations of Paragraph 8 are denied.

WHEREFORE, Defendant THE HOME DEPOT USA, INC. denies that PATRICK CUMMINS is entitled to the relief requested in Count I. HOME DEPOT therefore prays that the Court enter a judgment in its favor dismissing Count I with prejudice and with costs.

### COUNT II – Negligence – HOME DEPOT

1-6. Plaintiff re-alleges and incorporates by reference paragraphs 1-6 of Count I as

3

paragraphs 1-6 of this Count II.

**ANSWER**: HOME DEPOT reasserts its answers to Paragraphs 1-6 of Count I as its answers to Paragraphs 1-6 of this count as if the same were fully set forth herein.

7. At all times relevant herein, Defendant, HD, sold said product, placed it in the stream of commerce, and knew or, in the exercise of ordinary care, should have known that said product was likely and liable to cause injury.

**ANSWER**: The allegations of Paragraph 7 are denied.

8. At the aforesaid time and place Defendant, HD, by and through its agents and servants, were negligent in one or more of the following respects:

   a. Failed to provide appropriate warnings regarding the hammer's propensity to break down or fall apart while in use;

   b. Failed to safely design and manufacture the surface of contact area of the hammer for the intended use of pounding wood areas;

   c. Failed to provide a safety or protective coasting on the surface area of the hammer so as not to break down during use; and

   d. Sold and distributed the defective hammer.

**ANSWER**: The allegations of Paragraph 8, including its subparts, are denied.

9. As a direct and proximate cause of one or more of the aforesaid conditions of the hammer, the Plaintiff, CUMMINS, sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and has become liable for and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER**:    The allegations of Paragraph 9 are denied.

WHEREFORE, Defendant THE HOME DEPOT USA, INC. denies that PATRICK CUMMINS is entitled to the relief requested in Count II. HOME DEPOT therefore prays that the Court enter a judgment in its favor dismissing Count II with prejudice and with costs.

### COUNT III – Product Liability- LBIC

Count III of the Amended Complaint is not directed against this Defendant, and therefore, no answer is given. However, to the extent that any or all of the allegations of Count III can be construed against it, HOME DEPOT denies each and every allegation in said Count.

### COUNT IV – Negligence- LBIC

Count IV of the Amended Complaint is not directed against this Defendant, and therefore, no answer is given. However, to the extent that any or all of the allegations of Count IV can be construed against it, HOME DEPOT denies each and every allegation in said Count.

## AMENDED AFFIRMATIVE DEFENSES

Defendant THE HOME DEPOT USA, INC. for its Amended Affirmative Defenses to Plaintiff PATRICK CUMMINS' Amended Complaint at Law states as follows:

### First Affirmative Defense

1.    Plaintiff PATRICK CUMMINS' alleged injuries or damages were proximately caused by his own negligence for which said injuries or damages would not have occurred.

### Second Affirmative Defense

2.    Plaintiff PATRICK CUMMINS' alleged injuries or damages are barred because he, impliedly or expressly, assumed the risk of the activity in which he was engaged when he was injured.

### Third Affirmative Defense

3. Should the trier of fact determine the fault of HOME DEPOT, which fault is expressly denied in any percentage, with less than 25% of the total fault attributable to the Plaintiff, any Defendants sued by the Plaintiff, and any third-party defendant as provided for in 735 ILCS 5/2-1117, this Defendant's liability shall only be several for all non-medical and non-medically related damages.

### Fourth Affirmative Defense

4. Plaintiff PATRICK CUMMINS' alleged injuries and damages were caused in whole or in part by the acts or omission of the one or more third parties not under the control of HOME DEPOT.

### Fifth Affirmative Defense

5. Upon information and belief, HOME DEPOT is a retailer pursuant to the Illinois Code of Civil Procedure, section 735 ILCS 5/2/-621, and thus, Plaintiff PATRICK CUMMINS' action cannot be maintained against it.

WHEREFORE Defendant THE HOME DEPOT USA, INC. denies that Plaintiff PATRICK CUMMINS is entitled to the relief requested in his Amended Complaint at Law. HOME DEPOT therefore prays that the Court enter a judgment in its favor dismissing the Amended Complaint with prejudice and with costs.

THE HOME DEPOT USA, INC.

By: /s/ Mark E. Parsky
One of Its Attorneys

Mark E. Parsky
Edward F. McGinnis
Colleen T. Tierney
McVEY & PARSKY, LLC.
30 North LaSalle Street

Suite 2100
Chicago, IL 60602
Phone: 312-551-2130
Fax: 312-551-2131
Email: mep@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 10, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

      Beth Miller
      Pontikes & Associates
      Suite 1221
      111 W. Washington St.
      Chicago, IL  60602


      McVEY & PARSKY, LLC
      Attorney for Defendant
      30 North LaSalle Street
      Suite 2100
      Chicago, IL  60602
      Tel:  (312) 551-2130
      Fax:  (312) 551-2131

      By: /s/ Mark E. Parsky
          Mark E. Parsky
          Illinois Bar #6184456