IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK CUMMINS )
 )
       Plaintiff, )
 )
 ) Case No. 08 C 2226
vs. )
 )
THE HOME DEPOT USA, INC. and )
LUKANG HAND TOOLS INDUSTRIES, )
 )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Lu Kang Tools Industrial Co., Ltd. (incorrectly identified in plaintiff's second amended complaint as Lukang Hand Tools Industries) has moved to dismiss the claims of plaintiff Patrick Cummins on the grounds that the claims are time-barred. For the reasons stated below, the Court grants Lu Kang's motion.

## Facts

This personal injury suit arises out of injuries Cummins sustained while using an allegedly defective hammer manufactured by Lu Kang and distributed by defendant Home Depot, USA, Inc.

On January 10, 2006, Cummins purchased a Husky hammer from Home Depot at the Brickyard Mall in Chicago, Illinois. The hammer was labeled "Hickory," with U.S. Pat. Nos. D474667 and D475598.

On April 6, 2006, Cummins was working at a construction site, using the Husky

hammer to pound out a wooden door frame. He says he used the product in the manner for which it was intended. He was injured when a small piece of the hammer's head became lodged in his eye. Cummins sustained severe and permanent injuries.

Cummins filed suit against Home Depot in the Circuit Court of Cook County on December 3, 2007. Home Depot then identified Lucky Brand Industrial Company, Ltd. as the manufacturer of the hammer. Cummins filed an amended complaint on April 3, 2008, adding Lucky Brand Industrial Company, Ltd., as a defendant. The case was removed to this Court on April 17, 2008 based on diversity of citizenship.

On October 1, 2008, Home Depot filed a third-party complaint Lu Kang, alleging that it had manufactured the hammer. On April 6, 2009, Cummins filed a second amended complaint adding Lu Kang as a defendant. In the second amended complaint, Cummins asserts claims of strict product liability and negligence against both Home Depot and Lu Kang.

A few days after Cummins filed his second amended complaint, Home Depot voluntarily dismissed its third party claim against Lu Kang, which then took over the defense of Cummins' suit. Lu Kang then moved to dismiss Cummins' claims against the company for failure to state a claim upon which relief may be granted. It argues that Cummins' claims are time-barred under the two-year statute of limitations that applies to personal injury suits in Illinois.

**Discussion**

To survive a motion to dismiss, a plaintiff must make enough factual allegations to raise a right to relief above a "speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). The court must view the allegations in the light

most favorable to the plaintiff and accept as true all well-pled facts in the complaint. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The statute of limitations is an affirmative defense, and a plaintiff is not required to anticipate or negate an affirmative defense in his complaint. *Limestone Development Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008); *Tregenza v. Great Am. Comm'c'n Co.*, 12 F.3d 717, 719 (7th Cir. 1993). That said, a complaint may be dismissed for failure to state a claim if the allegations in the complaint show that the claim is barred by the applicable statute of limitations, *Limestone Development Corp.*, 520 F.3d at 802, i.e., the date the claim accrued is incontestable, the limitations period has run, and no tolling rule possibly could apply. *See Tregenza*, 12 F.3d at 719.

Illinois imposes a two-year statute of limitations upon actions to recover for personal injuries. 735 ILCS 5/13-202. On its face, the complaint reveals that Cummins brought his claims against Lu Kang three years after his injury occurred. For the reasons discussed below, none of the tolling rules suggested by Cummins (the discovery rule, the "seller's exception," or an equitable exception) applies. In addition, Cummins has not contested any of the relevant dates identified in Lu Kang's motion to dismiss, and he has not argued that additional fact-finding could lead to information showing that his claim against Lu Kang was timely filed.

1. **The discovery rule**

Under Illinois law, actions for damages for personal injuries must "be commenced within 2 years after the cause of action accrue[s]." 735 ILCS 5/13-202. A

cause of action for personal injuries accrues when a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused. *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868 (1981). Once the cause of action accrues, the injured party is under an obligation to inquire further to determine whether an actionable wrong was committed and bring any claims within the limitations period. *Id.*

Illinois' discovery rule, 735 ILCS 5/13-213(d), was adopted to mitigate the harsh application of the statute of limitations in cases in which a claimant is unaware of an injury or unaware that an injury may have been wrongfully caused. *See Golla v. Gen. Motors Corp.*, 167 Ill. 2d 353, 360-61, 657 N.E.2d 894, 897-98 (1995). The discovery rule postpones the commencement of the general statute of limitations until the claimant knows both that she is injured and that the injury may have been wrongfully caused. *Id.*

The Illinois Supreme Court has declined to apply the discovery rule, however, when the plaintiff suffered injury as a result of a sudden or traumatic event, even if the specific cause of the injury was unclear at the time of the event. *Golla*, 167 Ill. 2d at 367, 657 N.E.2d at 901; *Berry v. G.D. Searle & Co.*, 56 Ill. 2d 548, 559, 309 N.E.2d 550, 556 (1974). In such a case, the plaintiff's cause of action accrues at the time of the injury. The rationale is that "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id.* at 363, 657 N.E.2d at 894. The injured party then bears the responsibility of investigating and bringing any claims within the statute of

4

limitations period. *Id.* at 371, 657 N.E.2d at 903. In *Berry*, for example, the plaintiff suffered a stroke and brought suit approximately two years after the statute of limitations had expired. *Berry*, 56 Ill. 2d at 559, 309 N.E.2d at 556. She argued her that cause of action did not accrue until she learned that her birth control medication was the cause of her stroke. *Id.* The court held that the discovery rule was inapplicable and the plaintiff's claims were time-barred. The court reasoned that because the plaintiff suffered a stroke, it was "inconceivable that her injury was not occasioned by a traumatic event" and that she either knew or should have known of her injury at the time the injury occurred. *Id.*

Cummins brought his claim against Lu Kang three years after his eye injury occurred. Cummins was injured on April 6, 2006, when a small piece of the allegedly defective Husky hammer broke off of the product and became lodged in his eye. This was unquestionably a sudden and traumatic event. As a result, Cummins' cause of action accrued on the day of his injury. He had two years from that date to investigate to determine whether he had a viable legal claim and whom he should sue.

Cummins argues that the discovery rule should apply to toll the statute of limitations until Home Depot brought its third party complaint against Lu Kang. Cummins relies on *Carlson v. Moline Board of Education School Dist. No. 40*, 231 Ill. App. 3d 493, 596 N.E.2d 176 (1992), in which the court stated that the statute of limitations may be tolled with regard to a third party claim for contribution when a defendant is justifiably unaware at the beginning of the underlying suit that the acts or omissions of a third party contributed to the plaintiff's injury. *Id.* at 498-99, 596 N.E.2d

5

at 901-02.

*Carlson* might apply if Home Depot were seeking an extension of the statute of limitations to bring a third party claim against Lu Kang for contribution. But *Carlson* applies only to third party actions. It does not extend the statute of limitations for the plaintiff in the underlying suit. Such an interpretation of *Carlson* would be inconsistent with Illinois cases that make it clear that the burden of complying with the statute of limitations is upon the injured party. *See Nolan*, 85 Ill. 2d at 171, 421 N.E.2d at 868; *Golla*, 167 Ill. 2d at 363, 657 N.E.2d at 899; *Witherell v. Weimer*, 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874 (1981); *see also Weger v. Shell Oil Co.*, 966 F.2d 216, 218 (7th Cir. 1992).

Because the discovery rule does not apply, Cummins' cause of action accrued on the date of his injury, April 6, 2006.

**2. The seller's exception**

Cummins also argues that 735 ILCS 5/2-621(a), known as the "seller's exception," creates an exception to the statute of limitations that makes his claim against Lu Kang timely. The seller's exception statute was enacted to allow distributors of allegedly defective products to avoid liability in certain cases by identifying the manufacturer of a product claimed to have injured a plaintiff. *See Murphy's v. Mancari's Chrysler Plymouth, Inc.*, 381 Ill. App. 3d 768, 770-71, 887 N.E.2d 569, 573 (2008). Subsection (a) of the statute provides that

> [i]n any product liability action based on any theory or doctrine commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury . . . .

6

> The commencement of a product liability action based on any theory or doctrine against such defendant or defendants *shall toll the applicable statute of limitation and statute of repose relative to the defendant* for purposes of asserting a strict liability in tort cause of action.

735 ILCS 5/2-621(a) (emphasis added).

The Illinois Supreme Court has not addressed whether the seller's exception has an impact on the statute of limitations that applies to an injured plaintiff. The Illinois Appellate Court has held, however, that the seller's exception does not toll the plaintiff's statute of limitations with regard to a claim against the unnamed manufacturer. *Sims v. Teepak*, 143 Ill. App. 3d 865, 872, 493 N.E.2d 721, 726 (1986). In *Sims*, the plaintiff sued his employer for injuries sustained while operating a machine at work. When the plaintiff later tried to add the machine's manufacturer as a defendant after the statute of limitations had run, the trial court granted the manufacturer's motion to dismiss. The appellate court upheld the dismissal of the plaintiff's claim against the manufacturer. The court found that under section 2-621(a), "the statute of limitations is clearly tolled only as to those defendants named in the original action, and not the heretofore unnamed manufacturer." *Id.* In support of its conclusion, the court pointed to subsection (b) of the statute, which provides that a certifying defendant may be reinstated where the applicable statute of limitations bars a cause of action against the manufacturer. *Id.* at 872, 493 N.E.2d at 726. Subsection (b) indicates that the seller's exception does not toll the statute of limitations for a plaintiff's claims against a previously unnamed manufacturer; instead, it provides that original defendant should not be dismissed if the plaintiff is unable to bring a claim against the manufacturer due to of the statute of limitations.

*Sims* is consistent with the plain language of the statute. Section 2-621(a) consistently uses the word "defendant" to refer to the seller of the allegedly defective product named as a defendant in the suit; it uses the word "manufacturer" to refer to the unnamed manufacturer of the product. When the statute provides that the statute of limitations is tolled relative to the "defendant," it plainly refers to the named defendant in the original suit, not the unnamed manufacturer. Nothing in the statute suggests a statute of limitations exception for the plaintiff with respect to a claim against the unnamed manufacturer.

**3.     Equitable exception**

Cummins also urges the Court to create an equitable exception to the statute of limitations. He argues that he will be unfairly prejudiced if he is not allowed to add Lu Kang as a defendant and that he should not be penalized for Home Depot's failure to identify the correct manufacturer of the hammer. Because Home Depot has dismissed its third-party complaint against Lu Kang, Cummins argues that his amended complaint is the only way to keep the product's manufacturer in this case.

Cummins has cited no Illinois authority that creates a "fairness" exception to the statute of limitations. An injured party bears the burden of investigating and bringing all potential claims within the statute of limitations period after a cause of action accrues. *See Nolan*, 85 Ill. 2d 161 at 171, 421 N.E.2d at 868; *Golla*, 167 Ill. 2d at 363, 657 N.E.2d at 899; *Witherell*, 85 Ill. 2d at 156, 421 N.E.2d at 874; *Weger*, 966 F.2d at 218. Cummins had the responsibility to investigate his claims so that he could sue the appropriate defendants within the applicable limitations period. In any event, Cummins

still will be able to pursue his claim against Home Depot, the distributor of the allegedly defective product.

## Conclusion

For the reasons stated above, the Court grants defendant Lu Kang's supplement to its motion to dismiss [docket no. 64]. Lu Kang's original motion to dismiss [docket no. 40], which asserted the absence of personal jurisdiction, is terminated as moot [docket no. 40]. Counts 3 and 4 of plaintiff's second amended complaint are dismissed as time-barred. The case remains set for a status hearing on July 15, 2009 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 29, 2009